**Wimbo BARAKA, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 04–6653–ag.

United States Court of Appeals, Second Circuit.

March 7, 2006.

Theodore Vialet, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Daniel J. Collins, Edmond Chang, Carole J. Ryczek, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Wimbo Baraka, though counsel, petitions for review of the BIA order affirming the decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Ordinarily, this Court reviews the BIA's decision, *see, e.g., Qun Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002) (per curiam), but when the BIA's decision affirms the IJ's holding and modifies or supplements it, this Court will review the IJ's decision as modified or supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B).

██ The IJ denied Baraka's asylum claim because he failed to prove that he filed his application within one year of entry into the United States, and Baraka failed to show that extraordinary circumstances existed such that he was prevented from filing on time. The Immigration and Nationality Act specifies that this Court does not have jurisdiction to review an IJ's determination that an asylum application was time-barred. 8 U.S.C. § 1158(a)(3). Although this Court retains jurisdiction over constitutional claims or questions of law relating to the one-year bar, 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S.*

*Dep't of Justice,* 434 F.3d 144, 151 (2d Cir.2006), Baraka only challenges the IJ's determination that he did not show extraordinary circumstances. Because this is not a constitutional claim or a question of law, this Court lacks jurisdiction over his asylum claim. *See Xiao Ji Chen,* 434 F.3d at 154.

██ This Court can, however, review the denial of Baraka's withholding of removal claim. The IJ determined, and the BIA affirmed, that Baraka failed to show that his fears of returning to the Democratic Republic of Congo ("DRC") on account of his ethnicity were objectively reasonable. In his decision, the IJ admitted that there was no background evidence in the record discussing the current state of the ethnic conflict in DRC. The IJ correctly stated that the two articles in the record discuss only the political motivations behind the conflicts in DRC.

Under the regulations, Baraka does have the burden of showing that it is more likely than not he would be persecuted on account of his ethnicity and that it would be unreasonable for him to relocate to a different part of the country to avoid persecution. 8 C.F.R. §§ 1208.16(b)(2), 1208.16(b)(3)(i). Although the burden of persuasion is generally on the asylum applicant, the burden of production, with regard to background material, is shared with the government because the government often has more access to the State Department Reports and other current data. *Qun Yang v. McElroy,* 277 F.3d 158, 163 (2d Cir.2002); *see also Matter of S–M–J–,* 21 I. & N. Dec. 722, 727, 1997 WL 80984 (BIA 1997). The IJs also have a responsibility to enter into evidence any documentation that supports their findings. *Matter of S–M–J–,* 21 I. & N. Dec. at 727. When background information is essential, and background information is

not placed in the record by either party, the IJ has an obligation to establish the record before ruling on the merits of an asylum claim. *Id.* at 728. Moreover, an "asylum adjudicator must ensure that the applicant presents his case as fully as possible and with all available evidence." *Qun Yang,* 277 F.3d at 162 (citing to *Richardson v. Perales,* 402 U.S. 389, 410, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

Since neither party sought to enter evidence of the country conditions relating to ethnic tensions in DRC, the IJ could not have fully evaluated whether Baraka's claim that he feared returning to DRC was objectively reasonable. Moreover, it is unclear how the BIA could have determined that "the evidence in the record of proceeding indicates that the respondent could relocate to another part of the DROC and that it would be reasonable for him to do so" when there was no evidence in the record regarding ethnic conflicts or how widespread they are. Accordingly, this case is remanded to the agency for further consideration of Baraka's withholding of removal claim.

■ Generally, when a petitioner does not challenge the denial of his CAT in his brief to this Court, any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005). However, manifest injustice would result in this case if we were to not also remand for further consideration of Baraka's CAT claim, given that the agency's denial of that claim suffered from the same defects as the withholding of removal claim. *See, e.g., Armstrong v. Brookdale Univ. Hosp.,* 425 F.3d 126, 136–37 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED in part, DENIED in part, the BIA's order is VACATED, and the case is REMANDED for further consideration of Baraka's withholding of removal and CAT claims.